UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael A. Borgman, | No. 2:22-cv-00411-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| County of Butte and Butte County Sheriff's Office, | |
| Defendants. | |

Plaintiff Michael A. Borgman brings this federal civil rights action with pendent state law claims against Butte County and the Butte County Sheriff's Office. The defendants move to dismiss all claims. Because Borgman does not allege sufficient facts to support his federal claim, **the court grants the motion and dismisses the complaint with leave to amend.**

I.   **BACKGROUND**

On March 6, 2021, Michael Borgman was arrested on charges of driving under the influence of alcohol and placed in a holding cell at the Butte County Jail. Compl. ¶ 8, ECF No. 1. The holding cell contained other individuals, one of whom was Sherman Silva, who was mentally ill and "openly and obviously agitated, grunting and yelling[.]" *Id.* ¶ 9. When Borgman walked across the holding cell to get some water to drink, Silva physically attacked him; Borgman responded by grabbing Silva's head and neck. *Id.* The other individuals in the holding cell

alerted the guards, and when the guards arrived, Borgman released Silva. *Id.* Borgman was "eventually placed under arrest" for Silva's murder. *Id.* ¶ 11.

But before that arrest, shortly after the guards arrived, Borgman was relocated to an approximately four-by-four-foot holding cell. *Id.* ¶ 9. He remained in that cell for about thirty-six hours, with occasional breaks for interrogation, although he was denied access to a toilet and drinking water. *Id.* ¶¶ 10, 21. Borgman, as a result, urinated in the cell twice and was forced to sit in his own urine. *Id.* ¶ 10.

Borgman claims the defendants violated federal and state law by, first, placing him in the holding cell with Silva, and second, placing him in solitary confinement without access to a toilet or water. Opp'n at 6, ECF No. 14; Compl. ¶¶ 17–22, 24–26, 28–32, 34–35. His federal claim is based on 42 U.S.C. § 1983. Compl. ¶¶ 17–22. His state law claims rely on the California Bane Act and common law negligence. *Id.* ¶¶ 24–26, 28–32, 34–35. The defendants filed a motion to dismiss for failure to state a claim. Mot., ECF No. 10. Borgman opposed the motion. Opp'n. The defendants replied. Reply, ECF No. 15. The court submitted the motion without oral argument and resolves it here. Min. Order, ECF No. 17.

## II.     LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the court assumes all factual allegations are true, "constru[ing] them in the light most favorable to the nonmoving party." *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (mark and citation omitted). The motion may be granted if the complaint's factual allegations do not support a "cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted). To survive a motion to dismiss, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But formulaic recitations of elements are inadequate. *Id.* "[S]ufficient factual matter" must make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

#### A. Federal Claim under § 1983

Under *Monell*, to advance a § 1983 claim against a local government, a plaintiff must show (1) they were deprived of a constitutional right; (2) the municipality had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was a moving force behind the constitutional violation. *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). A core question that remains after *Monell* is when local government conduct equates to policy. The Ninth Circuit recognizes four such situations: (1) an official policy; (2) ratification by a final policymaker; (3) a failure to train, supervise, or discipline; and (4) a pervasive custom or practice. *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

Interpreted generously, Borgman's complaint appears to rely on an official policy theory, a failure to train theory, and a pervasive custom theory. But his complaint misses the mark under all three theories. Although Borgman explains how he personally was treated at the jail, he does not plausibly allege his treatment was caused by the defendants' policy or custom that amounted to deliberate indifference to his constitutional rights.

For example, first, Borgman alleges defendants have "a policy, practice and custom of failing to properly classify inmates, failing to segregate inmates who are at risk of harm to themselves or others, and failing to adequately check and monitor inmates." Compl. ¶ 12. Without more, this "threadbare" allegation is insufficient to withstand a motion to dismiss because Borgman does not plausibly allege facts regarding defendants' official policy. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009). In addition, Borgman alleges defendants failed to have proper audio and video monitoring as required by state law. Compl. ¶ 12(g). But he does not plead any facts suggesting defendants were on notice that the lack of proper monitoring was likely to result in a constitutional violation. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016) (explaining *Monell* liability requires "a showing of notice [. . ., namely,] actual or constructive notice that the particular omission is

3

substantially certain" to cause a constitutional violation) (quoting *City of Canton v. Harris*, 489 U.S. 378, 396 (1989)); *cf. Starr v. Baca*, 652 F.3d 1202, 1216–17 (9th Cir. 2011).

Second, Borgman alleges defendants "fail[ed] to adequately train, supervise, and control [their] officers . . . in generally accepted law-enforcement policies and procedures relating to housing classification of arrestees and detainees[.]" Compl. ¶ 12(d). When liability is predicated on a failure to train theory, there must be either a single violation with a "highly predictable consequence" or a pattern of similar constitutional violations sufficient to demonstrate deliberate indifference. *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 398 (1997). Borgman has not plausibly alleged his placement in a holding cell resulting in a deadly altercation was highly predictable. Instead, he merely suggests there is a pattern of similar constitutional violations by alleging the County's failure to properly classify, segregate, and monitor inmates resulted in multiple deaths and injuries. Compl. ¶ 12. But this assertion does not provide sufficient factual matter to nudge his claim across the line from conceivable to plausible. Similarly, although Borgman claims other inmates were also held in "small cells for many hours" without access to a toilet and water, *id.* ¶ 10, that single sentence provides insufficient facts to survive the motion to dismiss.

Third, Borgman alleges defendants fail to take various precautionary measures at the jail, suggesting the failure constitutes a pervasive practice. Such a theory "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citation omitted). Here, Borgman argues defendants have a "policy, practice and custom of failing to properly classify inmates, failing to segregate inmates who are at risk of harm to themselves or others, and failing to adequately check and monitor inmates." Compl. ¶ 12. But, as discussed above, he does not plead specific factual allegations about the duration, frequency, and consistency of defendants' conduct. Absent more specific allegations, Borgman's § 1983 claim is inadequately supported by the complaint's factual allegations.

In sum, although Borgman does plead specific facts regarding his own experience in the jail, he does not connect these facts to a specific pattern of constitutional violations or otherwise

4

plead, beyond insufficiently bare assertions, that the jail officials' conduct conformed to a policy or practice.

### B. Leave to Amend

If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made[.]" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016) (citation omitted). However, leave to amend should be denied when the plaintiff could not amend the complaint to state a viable claim without contradicting the complaint's original allegations. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 845–46 (9th Cir. 2016). The key question is futility, and here, amendment does not appear futile. Borgman may be able to plead a sufficient number or frequency of other deaths and injuries that occurred in the jail as a result of defendants' policies and customs. He might be able to allege more details about four-by-four cells or the frequency of inmates being denied access to a toilet and water. Because Borgman could conceivably allege facts sufficient to support a § 1983 claim, the complaint is dismissed with leave to amend.

### C. State Law Claims

Borgman's remaining claims arise under state law. Compl. ¶¶ 24–26, 28–32, 34–35. A federal court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). This decision "lies within the district court's discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (citation omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This case presents the typical balance of factors. Little has occurred in this court other than litigation over the defendants' motion to dismiss. Borgman has not suggested the state courts are unavailable. The court thus dismisses his state law claims, without reaching the merits but with leave to amend if Borgman repleads them along with adequately pled federal claims.

## IV. CONCLUSION

The court **grants defendants' motion**. The complaint is dismissed with leave to amend. Any amended complaint must be filed **within twenty-one days of this order**. This order resolves ECF No. 10.

The matter of initial scheduling of this case remains before the assigned magistrate judge, who may reset the scheduling conference at a time he deems appropriate in light of this order.

IT IS SO ORDERED.

DATED: October 31, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE